IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NOAH FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00963 |
| ) | Judge Trauger |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**I. Introduction**

Noah Freeman, an inmate at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and an application for leave to proceed in forma pauperis (IFP). On January 3, 2023, the court notified the plaintiff of a deficiency in his IFP application and the need to cure that deficiency by either filing a new IFP application or paying the filing fee within 30 days. (Doc. No. 5.) The court cautioned the plaintiff that failure to do as instructed would likely result in the dismissal of his case. (*Id.* at 2.)

On March 14, 2023, having not received anything further from the plaintiff, the court dismissed this action without prejudice for want of prosecution and assessed the filing fee. (Doc. No. 6.)

On May 31, 2023, the court received the plaintiff's motion to reopen this case (Doc. No. 7), in which he states that he has "been on an isolation pod on suicide watch because of [his] depression for 4 months" and "just got the notice on May 23 of 2023." (*Id.* at 1–2.) This motion to reopen is now before the court for decision.

## II. Analysis

A pro se motion to reopen a case previously dismissed for failure to prosecute is properly construed under Federal Rule of Civil Procedure 60(b), which provides in pertinent part that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" for reasons including (1) mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1); *see Hensel v. City of Mt. Juliet*, No. 3:12-CV-01298, 2018 WL 3753181 (M.D. Tenn. Aug. 8, 2018); *see also, e.g., Jolin v. Casto*, 238 F.R.D. 48, 50 (D. Conn. 2006) ("Where an action is dismissed for want of prosecution . . . Rule 60(b) allows it to be reopened under certain, enumerated circumstances.") (citation omitted). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (citation and internal quotation marks omitted). The third requirement, "that parties seeking Rule 60(b) relief show some prospect of succeeding on the merits," "flows from the basic principle that courts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources" or amount to an "empty exercise or futile gesture." *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014) (quoting *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995)).

In this case, the court assumes without deciding that the plaintiff's confinement in isolation and resulting failure to receive the court's mailings rendered his failure to prosecute excusable neglect, and that the defendants would not be unduly prejudiced by the reinstatement of the case to the court's active docket. Even so, the plaintiff has failed to establish that the underlying claim of his complaint has any prospect of succeeding on the merits. Because the plaintiff does not

2

attempt to make such a showing in his motion to reopen, the court looks to the complaint itself to determine whether allowing its reopening would be futile.

The plaintiff sued the Tennessee Department of Correction and Unit Manager Loving, alleging that inmates in his housing unit, 7D, were prohibited from having books from the prison library in their cells, and claiming that this prohibition was especially harmful to him because he is a "mental health inmate" who faces an increased likelihood of mental breakdown if he cannot have such books in his cell. (Doc. No. 1 at 7.) In an attached grievance dated October 25, 2022, the plaintiff specified that "[i]n 7D on 10-18-22 to 10-25-22" the books were taken from the inmates' cells. (*Id.* at 11.) The official response to the plaintiff's grievance was that books were still on offer to inmates, but "there is no need to use the book cart if the usage of the book cart is being abused." (*Id.* at 13.) The plaintiff did not appeal this response. (*Id.* at 11.) As relief for the alleged withdrawal of library books from his cell, the plaintiff sought an award of damages and asked the court to admonish the defendants "to do right" and publicly apologize. (*Id.* at 7–8.)

The plaintiff's motion to reopen does not indicate that the discontinuation of book-cart service to his cell continued after his return from the isolation pod. The complaint and attached grievances only indicate that he was deprived of the ability to keep library books in his cell for one week while he was housed in unit 7D; there is no indication that he was denied access to the library itself. "The law . . . is that limits on books in cells can be set if they are reasonably related to legitimate penological interests," *Kramer v. Conway*, 962 F. Supp. 2d 1333, 1349 (N.D. Ga. 2013) (citing *Turner v. Safley*, 482 U.S. 78, 89–90 (1987)), and the plaintiff does not allege any facts from which the court could reasonably infer that the suspension of book-delivery to his cell was illegitimately motivated. Though the complaint contains a one-line reference to a violation of the

3

Americans with Disabilities Act (*id.* at 7), the mere citation of this statute is not sufficient to support a plausible claim to relief based on the de minimis deprivation described in the complaint.

### III. Conclusion

Because the plaintiff has provided no reason to believe that reopening this closed case would allow for evaluation of any potentially meritorious claim forfeited due to excusable neglect, relief under Rule 60(b)(1) is not warranted. Accordingly, the motion to reopen (Doc. No. 7) is **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge